UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **12-21518-CIV-MORENO**

MICHAEL CRUZ,

    Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER GRANTING MOTION TO STRIKE EXPERT WITNESS AND MOTION TO STRIKE DECLARATIONS AND EXCLUDE EXPERT OPINIONS

THIS CAUSE came before the Court upon Defendant United States of America's Motion to Strike Expert Witness **(D.E. No. 14)**, filed on **November 20, 2012**, and Motion to Strike Declarations and Exclude Expert Opinions Not Previously Disclosed **(D.E. No. 21)**, filed on **December 11, 2012**. The government filed both motions in response to Plaintiff Michael Cruz's attempts to introduce three witness declarations after the passing of the discovery deadline, arguing that Court should strike the declarations as expert opinions and preclude Cruz from using the witnesses as experts. Since Cruz's failure to comply with the discovery deadline set by this Court was neither substantially justified nor harmless, the Court grants both of the government's motions.

### I. FACTUAL BACKGROUND

Plaintiff Cruz filed a complaint with this Court on April 23, 2012 under the Federal Tort Claims Act alleging that the Bureau of Prisons's negligence in failing to provide him with timely optometry and ophthalmology treatment caused him to suffer vision loss. Following the answer from Defendant United States of America, this Court issued its scheduling order in this matter on

June 28, setting October 25, 2012 as the deadline to complete discovery and November 8, 2012 as the deadline for filing motions for summary judgment.

Accordingly, the government served Cruz with its first request for production and its first set of interrogatories on June 29. These interrogatories included a request for expert witness disclosures. Cruz thereafter filed his responses on August 15, two weeks after the due date. In response to the request for expert witness disclosures, Cruz stated: "Undetermined at this time." Cruz also identified Dr. M. Brandon Parrott as his treating physician with knowledge of his injuries.

Anticipating expert disclosures from Cruz, the government retained its own expert ophthalmologist, Dr. William E. Smiddy. The government later scheduled an independent medical evaluation of Cruz by Dr. Smiddy. At Cruz's deposition on October 21, the government inquired whether Cruz had retained an expert. Additionally, upon Cruz's request for Dr. Smiddy's report, the government informed Cruz that it would not call an expert witness at trial, and therefore would not produce Dr. Smiddy's report, if Cruz himself did not retain an expert. Cruz also mentioned at the deposition that he would seek leave from the Court to extend the discovery deadline.

On October 23, Cruz notified the government that he had yet to receive the government's initial Rule 26 disclosures. The government immediately sent them to Cruz, omitting any mention of Dr. Smiddy as Cruz had not retained an expert. The disclosures further acknowledged that Dr. Warren K. Gross treated Cruz as an optometrist. The government never received reciprocal disclosures from Cruz.

On October 25, both parties filed a motion for extension of pretrial deadlines. That motion indicated that the parties would engage in expert discovery "if necessary," but did not otherwise

identify an expert. Joint Mot. for Extension of Pretrial Deadlines, at 2. This Court denied the motion on November 5. Consequently, the parties independently agreed to complete all necessary discovery.

The government filed its motion for summary judgment on November 8, largely predicated upon Cruz's failure to disclose an expert to establish causation. One week later on November 16, Cruz for the first time disclosed an expert witness, Dr. Alan M. Silbert. As this Court had not granted leave to Cruz to disclose an expert post-discovery, the government filed an initial motion to strike Dr. Silbert as an expert witness. Cruz then filed a response to the motion on December 5 in which he indicated that Dr. Parrott would testify that Cruz would have recovered some of his vision had the Bureau referred him in a timely manner. In addition, Cruz filed a notice of filing documents in opposition to the motion for summary judgment on December 7 containing declarations from both Dr. Gross and Dr. Parrott declaring that the Bureau's delay contributed to Cruz's vision loss. The government subsequently filed a second motion on December 11 to preclude Dr. Gross and Dr. Parrott from offering expert opinions. In both motions, the government contends that because Cruz did not disclose any of these witnesses as experts or submit the proper expert documentation before the discovery deadline, the Court should preclude the witnesses from offering expert opinions.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2) requires each party to "disclose to the other parties the identity of any [expert] witness it may use at trial." Fed. R. Civ. P. 26(a)(2)(A). Additionally, this disclosure must include a written export report for witnesses "retained or specially employed to provide expert testimony," or a "summary of the facts and opinions to which the witness is expected to testify" for all other expert witnesses. *See* Fed. R. Civ. P.

26(a)(2)(B), (C). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

"If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Substantial justification in this instance is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply." *McGarity v. FM Carriers, Inc.*, No. CV410-130, 2012 U.S. Dist. LEXIS 41356, at *26 (S.D. Ga. Mar. 26, 2012) (quoting *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010)). Alternatively, a failure to disclose is harmless when "there is no prejudice to the opposing party." *In re Terazosin Hydrochloride Antitrust Litig.*, No. 99-MDL-1317-(ALL CASES) SEITZ/KLEIN, 2005 U.S. Dist. LEXIS 45881, at *8 (S.D. Fla.. Feb. 1, 2005). Finally, the party who has failed to comply with Rule 26(a) has the "burden of establishing that its non-disclosure was either substantially justified or harmless." *Id.* at *25 (quoting *Caviness v. Holland*, No. CV 109-098, 2011 U.S. Dist. LEXIS 31328, at *8 (S.D. Ga. Mar. 17, 2011)).

### III. DISCUSSION

*A. Motion to Strike Dr. Silbert as an Expert Witness*

In its first motion, the government moves to strike Dr. Silbert, arguing that Cruz's late disclosure was neither substantially justified nor harmless. In particular, the government contends that Cruz's delay is inexcusable as he should have known from the outset that he would need an expert to testify in his medical negligence case. Cruz had four months from the date of the government's answer to identify an expert, yet only did so three weeks after the discovery deadline had passed and one week after the government filed its motion for summary judgment.

In fact, the government points out that Cruz never conducted any discovery at all, failing to serve written discovery or produce Rule 26 disclosures. Moreover, the government asserts that Cruz's failure to disclose is harmful as it precludes the government from both engaging in any expert discovery as well as from filing a motion for summary judgment that accounts for Dr. Silbert.

In response, Cruz denies that the delay prejudices the government given the parties' independent agreement to complete discovery on their own. Indeed, he argues that it would be unfair to strike Dr. Silbert in light of the government's own failure to produce its initial disclosures until two days prior to the discovery deadline. Finally, Cruz notes that he will not object if the government now wishes to depose Dr. Silbert or call Dr. Smiddy as a rebuttal witness.

Since Cruz has failed to satisfy his burden of demonstrating that his non-disclosure of Dr. Silbert was either substantially justified or harmless, the Court grants the government's first motion to strike Dr. Silbert as an expert witness. First, Cruz has not shown that his untimely disclosure of Dr. Silbert was substantially justified. He offers no valid reason for his failure to meet the deadline; in truth, Cruz had four months from the date of the government's answer to produce an expert. Due to the medical nature of this case, Cruz cannot reasonably argue that he could not have anticipated the need for an expert. Moreover, based on the parties' communications at Cruz's deposition, Cruz knew that the government had retained a potential expert of its own in anticipation of his own retention of an expert. In sum, Cruz offers nothing that would establish a reasonable justification for the late disclosure, much less a justification that would satisfy a reasonable person that the parties could differ as to whether Cruz was required to comply with the Court's discovery deadline. *See id.* at *26.

Nor has Cruz shown that the disclosure of Dr. Silbert after the discovery deadline was

harmless. Rather, the late disclosure harms the government in a concrete way. Though Cruz may be willing to allow the government to depose Dr. Silbert, that does not change the fact that the discovery deadline has passed. Consequently, Cruz's untimely disclosure prevents the government from engaging in any responsive expert discovery or filing a dispositive motion that takes Dr. Silbert into account. As a result, the Court strikes Dr. Silbert as an expert witness.

This Court recently granted a similar motion to exclude expert testimony in *De Armas v. Miabraz LLC*, No. 12-20063-CIV-COHN/SELTZER, 2012 U.S. Dist. LEXIS 104834 (S.D. Fla. July 27, 2012). In *De Armas*, the plaintiff waited until the day of the discovery deadline to disclose the disputed witness as an expert and did not submit an expert report. *See id.* at *1. Unable to sufficiently explain the delay in the disclosure, the Court found that the plaintiff's actions were not substantially justified. *See id.* at *3–4. Additionally, because the plaintiff's disclosure coincided with the passing of the discovery deadline, the Court deemed the delay to be harmful to the defendants as it prevented them from engaging in expert discovery. As with *De Armas*, Cruz offers no reasonable justification for his delay and its consequent harm to the government in preventing it from engaging in expert discovery. Indeed, Cruz's failure to disclose in the present case is less justifiable than *De Armas* as Cruz did not disclose Dr. Silbert as an expert until three weeks after the discovery deadline. Accordingly, the Court grants the government's first motion to strike Dr. Silbert as an expert witness.

B. *Motion to Exclude Declarations of Dr. Gross and Dr. Parrott as Expert Opinions*

In its second motion, the government seeks to exclude the statements of Dr. Gross and Dr. Parrott as expert opinions on causation as Cruz failed to disclose either as experts or submit the proper expert documentation prior to the discovery deadline. Using the same rationale as it offered in support of excluding Dr. Silbert, the government maintains that this failure to disclose

was neither substantially justified nor harmless.

As with the first motion, Cruz denies that the disclosures of the statements by Dr. Gross and Dr. Parrott cause any surprise or prejudice to the government. Specifically, he argues that the government has long been in possession of Cruz's complaints and clinic records that disclose these physicians. Cruz also notes that he identified Dr. Parrott in the responses to the government's interrogatories and testified about both physicians during his deposition.

Alternatively, Cruz contends that the expert provisions of Rule 26 do not apply to Dr. Gross and Dr. Parrott as they are treating physicians testifying about causation. In support, he cites *Levine v. Wyeth Inc.*, No. 8:09-cv-854-T-33AEP, 2010 U.S. Dist. LEXIS 76000 (M.D. Fla. June 25, 2010), for the proposition that "if a treating physician acquired the opinions that are the subject of the testimony directly through treatment of the plaintiff, the treating physician 'cannot be forced to file a written report required by Rule 26(a)(2)(B).'" *Id.* at *3 (quoting *Brown v. Best Foods*, 169 F.R.D. 385, 388 (N.D. Ala. 1996)). Because it is impossible to determine at this stage whether Dr. Gross's or Dr. Parrott's testimony extends beyond their treatment of Cruz, Cruz urges the Court to allow the physicians' statements.

Cruz's reliance on *Levine* is misplaced as it misunderstands the 2010 amendment of Rule 26(a). In particular, subdivision (a)(2)(C) was added to the rule to "mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions." Fed. R. Civ. P. 26 advisory committee's note (discussing the 2010 amendment to Rule 26(a)(2)). Thus, while it is true that "[a] treating physician is not required to provide an expert report [under Rule 26(a)(2)(B)] in order to testify as an expert" if he or she is not a retained expert, such a witness is still "required to provide an expert disclosure [under Rule 26(a)(2)(C)] (*i.e.*, a summary of the

facts and opinions to which the witness is expected to testify) if they are going to testify as an expert under Fed.R.Evid.702." *Adams v. Austal, USA, LLC*, No. 08-0155-KD-N, 2011 U.S. Dist. LEXIS 146417, at *3–4 (S.D. Ala. Dec. 20, 2011).

Accordingly, to use the statements of Dr. Gross and Dr. Parrott as expert opinions, Cruz needed to have complied with either Rule 26(a)(2)(B) or 26(a)(2)(C), neither of which he did. For the same reasons stated above in excluding Dr. Silbert as an expert, Cruz's failure to comply with Rule 26 was neither substantially justified nor harmless. As a result, the Court excludes the physicians' statements as expert opinions. This does not, however, preclude Cruz from utilizing the physicians as lay witnesses. *See id.* at *4.

### IV. CONCLUSION

For the above reasons, it is

**ADJUDGED** that the United States of America's Motion to Strike Expert Witness **(D.E. No. 14)**, filed on **November 20, 2012**, and Motion to Strike Declarations and Exclude Expert Opinions Not Previously Disclosed **(D.E. No. 21)**, filed on **December 11, 2012**, are GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 22nd day of January, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record