UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **12-21518-CIV-MORENO**

MICHAEL CRUZ,

    Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant United States of America's Motion for Summary Judgment **(D.E. No. 10)**, filed on **November 8, 2012**. In filing the motion, the government contends that Plaintiff Michael Cruz cannot establish his medical negligence claim under Florida law because he has failed to produce a witness to establish the standard of care. For the following reasons, this Court agrees with the government and grants its motion for summary judgment.

### I. FACTUAL BACKGROUND

While a federal inmate in the custody of the Bureau of Prisons at the Federal Detention Center in Miami, Florida, Plaintiff Cruz suffered an eye injury in February 2009. On February 11, 2009, Cruz reported a decrease in vision in his left eye. The following day, he received an optometry exam from Dr. Warren K. Gross. Dr. Gross diagnosed Cruz with a macular injury that caused the decrease in vision and recommended that Cruz receive a "follow up" ophthalmology evaluation.

Over the following weeks, Cruz repeatedly requested the Bureau to schedule this evaluation. Unfortunately, Cruz did not see an ophthalmologist until June 23, 2009, over four months after Dr. Gross's referral. The physician conducting this evaluation diagnosed Cruz as having a retinal detachment and referred Cruz to Dr. M. Brandon Parrott, a retinal surgeon at Bascom Palmer Eye Institute in Miami. On July 2, 2009, Dr. Parrott concluded that Cruz required surgery, which he received on July 13, 2009. Yet, despite the surgery, Cruz presently suffers from an almost complete loss of vision in his left eye.

On April 23, 2012, Cruz filed the present complaint against Defendant United States of America under the Federal Tort Claims Act ("FTCA"), alleging that the Bureau of Prisons was negligent in failing to timely refer Cruz to an ophthalmologist pursuant to Dr. Gross's instructions. Following the answer from the government, this Court issued its scheduling order on June 28, 2012 setting October 25, 2012 as the deadline to complete discovery and November 8, 2012 as the deadline for filing motions for summary judgment.

Accordingly, the government served Cruz with its first request for production and its first set of interrogatories on June 29, 2012. These interrogatories included a request for expert witness disclosures. Cruz thereafter filed his responses on August 15, 2012, two weeks after the due date. In response to the request for expert witness disclosures, Cruz stated: "Undetermined at this time." Cruz also identified Dr. Parrott as his treating physician with knowledge of his injuries.

Anticipating expert disclosures from Cruz, the government retained an expert ophthalmologist, Dr. William E. Smiddy. The government later scheduled an independent medical evaluation of Cruz by Dr. Smiddy. At Cruz's deposition on October 21, 2012, the government inquired whether Cruz had retained an expert. Additionally, upon Cruz's request for

Dr. Smiddy's report, the government informed Cruz that it would not call an expert witness at trial, and therefore would not produce Dr. Smiddy's report, if Cruz himself did not retain an expert. Cruz also mentioned at the deposition that he would seek leave from the Court to extend the discovery deadline.

On October 23, 2012, Cruz notified the government that he had yet to receive the government's initial disclosures pursuant to Federal Rule of Civil Procedure 26. The government immediately sent them to Cruz, omitting any mention of Dr. Smiddy as Cruz had not retained an expert. The disclosures further acknowledged that Dr. Gross treated Cruz as an optometrist. The government never received reciprocal disclosures from Cruz.

On October 25, 2012, both parties filed a motion for extension of pretrial deadlines. That motion indicated that the parties would engage in expert discovery "if necessary," but did not otherwise identify an expert. Joint Mot. for Extension of Pretrial Deadlines, at 2, ECF No. 7. This Court denied the motion on November 5, 2012. Consequently, the parties independently agreed to complete all necessary discovery.

The government filed the present motion for summary judgment on November 8, 2012, largely predicated upon Cruz's failure to disclose an expert to establish causation. One week later on November 16, 2012, Cruz for the first time disclosed an expert witness, Dr. Alan M. Silbert. As this Court had not granted leave to Cruz to disclose an expert post-discovery, the government filed an initial motion to strike Dr. Silbert as an expert witness. Cruz then filed a response to the motion on December 5, 2012 in which he indicated that Dr. Parrott would testify that Cruz would have recovered some of his vision had the Bureau referred him in a timely manner. In addition, Cruz filed a notice of filing documents in opposition to the motion for summary judgment on December 7, 2012 containing declarations from both Dr. Gross and Dr. Parrott asserting that the Bureau's delay

contributed to Cruz's vision loss. The government subsequently filed a second motion on December 11, 2012 to preclude Dr. Gross and Dr. Parrott from offering expert opinions. This Court granted both of the government's motions on January 22, 2013, precluding Cruz from using the physicians as expert witnesses. *See* Order Granting Mot. to Strike Expert Witness and Mot. to Strike Decls. and Exclude Expert Ops., ECF No. 30.

The government now maintains in its motion for summary judgment that Cruz cannot establish his claim for medical negligence as Florida law requires expert testimony to determine the standard of care in such cases. Since Cruz cannot produce an expert to determine the standard of care, the government contends that it is entitled to judgment as a matter of law. Alternatively, the government argues that it cannot be liable for any negligence attributable to Dr. Gross as the physician acted as an independent contractor outside the scope of the FTCA.[1]

## II. LEGAL STANDARD

A court shall grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Consequently, the movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," the plain language of Rule 56 "mandates the entry of summary

---

[1] In response, Cruz concedes that the government is not liable for Dr. Gross's actions, but only because Dr. Gross did not act negligently. Rather, Cruz asserts that the government's alleged negligent behavior occurred after Dr. Gross made his referral. For the reasons stated below, the Court does not need to address this issue.

judgment." *Id.* at 322.

## III. DISCUSSION

In its motion for summary judgment, the government argues primarily that Florida law requires expert testimony in order to establish both the standard of care and causation in medical negligence cases. Because Cruz failed to disclose potential expert witnesses before the Court's discovery deadline and therefore cannot establish essential elements of his medical negligence claim, the government urges the Court to grant summary judgment. Moreover, the government maintains that the medical records offered by Cruz do not establish causation. Instead, the government claims that the records lack any evidence establishing that the timing of medical care was unreasonable or that the timing caused Cruz's injury. As Cruz is thus unable to establish essential elements of his claim, the government requests entry of summary judgment in its favor.

In answering the government's motion, Cruz contends that the law does not require him to have an expert to present his case. Relying on a number federal district court decisions including *Brown v. Best Foods*, 169 F.R.D. 385 (N.D. Ala. 1996), he argues that treating physicians are not treated as experts or subject to the expert disclosure requirements of Rule 26(a)(2)(B) if they offer opinions directly acquired through the treatment of the plaintiff. This rule, he asserts, applies even if the opinions offered concern causation and standard of care. Accordingly, since Dr. Parrott acquired his opinion directly through his treatment and diagnosis of Cruz, Cruz insists that he may use this evidence to establish his medical negligence claim.[2] Finally, Cruz states that the medical records and the testimony of Dr. Parrott constitute sufficient medical evidence to present an issue of material fact for trial.

---

[2] Although Cruz only advocates for the use of Dr. Parrott's testimony in his response, the Court presumes that his arguments apply equally to Dr. Gross's testimony.

In analyzing a claim brought under the FTCA, a federal court "applies the law of the state where the alleged tort occurred." *Lambert v. United States*, 198 Fed. App'x 835, 838 (11th Cir. 2006). "To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001). In medical malpractice cases, Florida law states that "the claimant shall have the burden of proving by the greater weight of evidence that the alleged actions of the health care provider represented a breach of the prevailing professional standard of care for that health care provider." Fla. Stat. Ann. § 766.102 (2012).

"Generally, the standard of care in medical malpractice cases [under Florida law] is determined through expert testimony." *Lambert*, 198 Fed. App'x at 839 (citing *Pate v. Threlkel*, 661 So. 2d 278, 281 (Fla. 1995); *Torres v. Sullivan*, 903 So. 2d 1064, 1068 (Fla. Dist. Ct. App. 2005)). In truth, Florida law generally disfavors summary judgment in medical malpractice cases "unless it can be conclusively shown that the non-movant cannot offer proof to support their position." *Wheeler v. United States*, No. 1:03-cv-00140-MP-AK, 2007 U.S. Dist. LEXIS 82521, at *4 (N.D. Fla. Nov. 6, 2007) (citing *McCoy v. Hoffmeister*, 435 So. 2d 989, 990 (Fla. Dist. Ct. App. 1983)). Summary judgment is thus appropriate "only when the moving party conclusively demonstrates that the non-moving party is unable to produce an expert who will testify that the defendant was negligent." *Id.* at *5 (citing *Holl v. Talcott*, 191 So. 2d 40, 44–46 (Fla. 1966); *Williams v. McNeil*, 442 So. 2d 269, 271 (Fla. Dist. Ct. App. 1983)).

Since the government has conclusively demonstrated in this case that Cruz is unable to produce an expert who will testify to the government's alleged negligence, the Court grants the motion for summary judgment. As the case law indicates, Florida law requires expert testimony

to establish the standard of care in medical malpractice cases. *See Lambert*, 198 Fed. App'x at 839. Because Cruz did not, and now cannot, produce an expert witness, he cannot establish an essential element of his claim and thus cannot survive a motion for summary judgment. *See Wheeler*, 2007 U.S. Dist. LEXIS 82521, at *5.

Furthermore, Cruz misinterprets the case law upon which he relies. The decisions such as *Brown* merely state that a treating physician who offers an opinion procured directly from treatment is not subject to the specific expert disclosure statements enumerated in Rule 26(a)(2)(B) for "retained" experts. *See Brown*, 169 F.R.D. at 388 ("If a treating physician acquired the opinions that are the subject of the testimony directly through treatment of the plaintiff, the treating physician 'cannot be forced to file a written report required by Rule 26(a)(2)(B).'" (quoting *Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y. 1995))). These cases do not state that such treating physicians suffice to establish the elements of medical malpractice despite the fact that they are not experts. Indeed, as the court acknowledged in *Brown*, such treating physicians may even still be considered as "non-retained" experts not subject to Rule 26(a)(2)(B). *Id.* ("To the extent that the treating physician testifies only as to the care and treatment of his/her patient, the physician is not to be considered a specially retained expert notwithstanding that the witness may offer opinion testimony under Fed. R. Evid. 702, 703 and 705." (quoting *Wreath v. United States*, 161 F.R.D. 448, 449 (D. Kan. 1995))).[3] In sum, though a treating physician offering an opinion acquired directly from treatment may not have to submit a "retained" expert report under Rule 26(a)(2)(B), this rule does not allow the plaintiff

---

[3] In such a case, the party presenting the physician would still need to submit an expert summary as required by Rule 26(a)(2)(C). *See* Fed. R. Civ. P. 26(a)(2)(C). The Court addressed this distinction at length in its order precluding Cruz from using his physicians as experts. *See* Order Granting Mot. to Strike Expert Witness and Mot. to Strike Decls. and Exclude Expert Ops. 7–8, ECF No. 30.

presenting the witness to circumvent Florida's requirement of an expert to establish the standard of care in medical malpractice cases.

Despite Florida's requirement that Cruz present an expert witness to establish the standard of care in his medical negligence claim, Cruz failed to disclose an expert witness before the discovery deadline and is now precluded from doing so. *See* Order Granting Mot. to Strike Expert Witness and Mot. to Strike Decls. and Exclude Expert Ops., ECF No. 30. Consequently, the Court grants summary judgment in favor of the government.

## IV. CONCLUSION

For the above reasons, it is

**ADJUDGED** that Defendant United States of America's Motion for Summary Judgment **(D.E. No. 10)**, filed on **November 8, 2012**, is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 26 day of January, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record